**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | : | Case No. 5:26-bk-00512 |
| | : | |
| STORJ LABS, INC. | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge David L. Bissett |
| | : | |

**DECLARATION OF MICHAEL WARD**

I, Michael Ward, declare as follows:

1. Every statement of fact in this Declaration is within my personal knowledge and is true and correct. If called to testify, I would testify to the statements herein.

2. I am a resident of London, England.

3. I am a former co-founder and shareholder of Hedgehog Invest Limited ("Hedgehog").

4. As will be described in detail herein, Robert Lamb and I are the appointed Collateral Agents for certain entities with liens on shares of the Debtor, Storj Labs, Inc. ("Storj") pursuant to a Security Agreement dated as of May 11, 2026, executed by Inveniam Capital Partners, Inc.

5. Under a Stock Purchase Agreement dated December 14, 2024, Robert Lamb and I, along with the other shareholders of Hedgehog, agreed to sell our shares of Hedgehog (the "Shares") to Inveniam Capital Partners, Inc. ("Inveniam").

6. In partial consideration for the sale of the Shares to Inveniam, Inveniam executed a promissory note (the "Note") in favor of the shareholders (collectively, the "Lenders").

7. Following defaults by Inveniam under the Note, on May 12, 2026, Inveniam, as the borrower, and myself and Robert Lamb, on behalf of the Lenders (the former shareholders of Hedgehog) as the Sellers Representatives, executed a Forbearance Agreement dated May 12, 2026

(the "Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached hereto and incorporated herein as **Exhibit A**.

8. Pursuant to Section 3.1 of the Forbearance Agreement, the Lenders' obligation to forbear was conditioned upon, among other things, Inveniam's execution and delivery of a Security Agreement granting the Lenders a "perfected senior security interest in all of the Collateral to secure all obligations of [Inveniam] under the Note and [the Forbearance] Agreement" to the Sellers Representatives on behalf of the Lenders. *See* Exhibit A, at Section 3.1(a). The Security Agreement delivered to the Sellers Representatives on behalf of the Lenders by Inveniam was attached to the Forbearance Agreement as Exhibit B thereto.

9. The Forbearance Agreement defined the "Collateral" in Exhibit A thereto as including, among other things, "all equity interests in, *and all assets of, Storj Labs Inc.*, and its subsidiaries." *See* Exhibit A, at Exhibit A thereto.

10. The Lenders' obligation to forbear was also conditioned upon Inveniam's delivery of "all filings, financing statements (including UCC-1 financing statements), and ancillary documentation necessary to perfect the Lenders' senior security interest in the Collateral, in each case in form and substance satisfactory to the Sellers' Representatives (on behalf of the Lenders)." *See* Exhibit A, at Section 3.1(a).

11. Inveniam confirmed that it was authorized to execute the Forbearance Agreement and Security Agreement in which it granted the security interest in Storj's assets to the Collateral Agents. *See* Exhibit A, at Section 5.1(b).

12. Inveniam represented that no consent, approval, authorization, or order of, or filing, registration, or qualification of any entity, which would include Storj, was required in connection

with the execution, delivery, and performance of the Forbearance Agreement and Security Agreement. *See* Exhibit A, at Section 5.1(d).

13. Inveniam represented that it was the sole legal and beneficial owner of the Collateral and that it had the right and authority to grant a security interest in the Collateral, which includes all assets of Storj, to the Lenders. *See* Exhibit A, at Section 5.1(f).

14. Inveniam delivered, among others, UCC-1 Financing Statement No. 20262956248 UCC Financing Statement No. 20264197816 (the "**UCC-1s**"), which were filed with the Delaware Department of State, UCC Filing Section, on May 27, 2026. True and correct copy of the Inveniam UCC-1s are attached hereto and incorporated herein as **Exhibit B**.

15. The UCC-1s identified Inveniam and Storj, respectively, as the debtor, the Collateral Agents as the secured parties, and the collateral as including, *inter alia*, "[a]ll right title and interests of [Inveniam] and its subsidiaries in and to . . . and all proceeds therefrom . . . [a]ll equity interests in, and all assets of, Storj Labs, Inc., a Delaware corporation, and its subsidiaries . . . ." *See* Exhibit B.

16. Pursuant to the Forbearance Agreement, Inveniam was required to remit payment of $1,000,000 to the Lenders on or before July 31, 2026. *See* Exhibit A, at Section 4.1(a).

17. Failure to make payments when due is a default under the Forbearance Agreement. *See* Exhibit A, at Section 7.1(a).

18. Inveniam defaulted on its obligations under the Forbearance Agreement by failing to make such payment when due.

19. The "Forbearance Default Event" caused the Forbearance Period to automatically and immediately terminate without any notice or demand by the Lenders. *See* Exhibit A, at Sections 7.1 and 7.1(a).

20. Upon the occurrence of a Forbearance Default Event, the Collateral Agents may, without notice, exercise all of their available remedies and rights including enforcing the liens against the Collateral, foreclosing on the Collateral and disposing of the Collateral as permitted under the UCC. *See* Exhibit A, at Sections 7.2(a) and (b).

21. Although not required to do so, on September 8, 2026, the Collateral Agents did send a default letter to Inveniam making demand for payment (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit C**.

22. Notwithstanding default and demand, Inveniam remains in default of its obligations under the Forbearance Agreement and the Security Agreement, and the outstanding amounts due and owing from Inveniam are in excess of $9,000,000.

23. Further, as part of its obligations under the Forbearance Agreement, Inveniam agreed that it would not permit any liens against the Storj collateral.

24. My review of certain court orders in the Storj bankruptcy case indicate, notwithstanding its agreement, that Inveniam itself caused Storj to lien its Collateral in favor of Inveniam by granting Inveniam a superpriority lien in consideration of Inveniam lending Storj in excess of $200,000 in debtor-in-possession financing and an automatically perfected first priority security interest in, and liens on, all of Storj's assets. *See* Doc. No. 26.

25. As part of my preparation of this Declaration, I attempted to access a website for Inveniam, but was referred to the website of Inveniam IO, at https://www.inveniam.io/company/team/, which I reviewed.

26. In reviewing the website, I learned that Dr. Shuja Ali, who signed the Debtor's bankruptcy petition and testified at its section 341 meeting of creditors, is a member of the

Inveniam "team" and the Senior Managing Director of Inveniam Capital Partners, Inc., which is the 100% owner of the Debtor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2026.

Michael Ward