**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In RE:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 26-62642-PWB** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**MOTION TO APPROVE PAYMENT OF**
**POSTPETITION RETAINER**

**COME NOW** Storj Labs, Inc., debtor-in-possession in the above-captioned case (the Debtor”), and pursuant to §§ 105 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), seek approval of a $10,000 payment to be held as a retainer for Debtor’s local counsel. In support thereof, Debtor shows as follows:

1. On July 26, 2026, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") in the United States Bankruptcy Court for the Northern District of West Virginia.

2. On September 18, 2026 an Order Transferring Case was entered and the above-captioned case was transferred to the United States Bankruptcy Court for the Northern District of Georgia on September 21, 2026.

3. Debtor filed its *Application to Employ Lamberth, Cifelli, Ellis & Nason, P.A., as Local Counsel for Debtors* (Doc. No. 179), seeking approval of the employment of Lamberth, Cifelli, Ellis & Nason, P.A. ("LCEN") as local counsel for Debtor.

4. On September 28, 2026, Debtor transmitted to LCEN the sum of $10,000.

5. The sum paid is substantially less than the standard retainer required by LCEN for similar representation in bankruptcy cases under Chapter 11 of the Bankruptcy Code. In order to ensure adequate retainer coverage for LCEN during the pendency of the case, Debtor desires to pay

LCEN a $10,000 retainer to be held as retainer to secure fees and reimbursement of expenses allowed and approved for payment by orders of the Court following notice and hearing.

6. Debtor shows that the amounts to be paid as monthly installments are not cash collateral.

7. Courts consider five (5) factors in determining whether to allow a postpetition retainer, including: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; or (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified. *Id* (citing *In re Jefferson Bus. Ctr. Assocs.*, 135 B.R. 676 (Bankr. D. Colo. 1992)). Each of these factors does not have to be proven prior to the allowance of a post-petition retainer.

8. Debtor provides decentralized cloud storage service, primarily for individual users and a few enterprise clients. Debtor requires local counsel as a result of the transfer of the case. Under the circumstances payment of a modest $10,000 retainer for experienced local counsel is reasonable and will assist in the orderly administration of the case. The payment of the postpetition retainer will not have a substantial impact on Debtor’s operations or affect Debtor’s ability to reorganize, as the payment will allow Debtor to adequately offset the accrual of LCEN's administrative expense claim for fees and expenses. The requirement that the Court approve the allowance and payment of fees and reimbursement of expenses ensures that any fees and expenses of counsel are reasonable and justified.

WHEREFORE, Debtor prays for authority to approve the $10,000 retainer herein and for such other and further relief as may be just and proper.

Dated: September 29, 2026

*/s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com
Lamberth, Cifelli, Ellis & Nason, P.A.
6000 Lake Forrest Drive, N.W., Ste. 290
Atlanta, GA 30328
P: (404) 262-7373
***Local Counsel for Storj Labs, Inc.***
***Debtor-in-possession***

***and***

*/s/ Chirstopher R. Arthur*
Christopher R. Arthur
(WVSB #9192) Admitted Pro Hac Vice
carthur@spilmanlaw.com
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
P: (304) 720-4090
***Counsel for Storj Labs, Inc***
***Debtor-in-possession***

CERTIFICATE OF SERVICE

I, Gregory D. Ellis, hereby certify that on September 27, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send electronic notice to the following parties.

Christopher R. Arthur carthur@spilmanlaw.com
James Haney jhaney@wongfleming.com, sfiorentino@wongfleming.com
Alan Hinderleider Alan.Hinderleider@usdoj.gov

This 29th day of September 2026.

By: /s/ *Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com