**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STORJ LABS, INC., | ) | Case No. 26-62642-PWB |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**OBJECTION OF MICHAEL WARD AND ROBERT LAMB TO DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING BIDDING AND SALE PROCEDURES, (B) SCHEDULING FINAL DEADLINE TO SUBMIT BIDS, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Michael Ward and Robert Lamb (together, the "**Collateral Agents**"), in their capacity as Collateral Agents for certain entities with liens on shares of the Debtor (the "**Pledgees**"), file this *Objection to Debtor's Expedited Motion for Entry of an Order (A) Establishing Bidding and Sale Procedures, (B) Scheduling Final Deadline to Submit Bids, and (C) Approving the Form and Manner of Notice Thereof* [ECF No. 189] (the "**Sale Motion**").

**BACKGROUND**

1. On December 17, 2024, the Pledgees[1] entered into a Stock Purchase Agreement (the "**SPA**") with Inveniam Capital Partners, Inc., ("**Inveniam**"), the parent company and proposed DIP Lender of the Debtor, Storj Labs, Inc. (the "**Debtor**"), whereby the Pledgees agreed to sell their shares of Hedgehog Invest Limited (the "**Shares**") to Inveniam. In partial consideration for the Pledgees' sale of the Shares to Inveniam, on December 17, 2024, Inveniam executed a promissory note (the "**Note**") in favor of the Pledgees in the aggregate principal amount of $9,609,265.57. The balance now exceeds $11,000,000.00.

[1] The Pledgees referred to herein include the Collateral Agents, as well as the Adam and Stephanie Howarth Revocable Trust, Bharath Srinivaas Rajagopolan, Four Peaks LLC, Khalid Mohamed Murgian, Leila Govi, Pembroke US Investments LLC, Randolph Investments Ltd, Seedrs Nominees Limited of Stylus Building, Boutique Capital Pty Ltd ATF Tectonic Digital Asset Opportunities Fund, and Watermill Ltd.

2. Following certain defaults by Inveniam under the Note, in May 2026, Inveniam and the Collateral Agents, on behalf of the Pledgees, executed (i) a Forbearance Agreement (the "**Forbearance Agreement**"), whereunder the Pledgees agreed to forbear from exercising their rights and remedies under the Note and SPA so long as certain conditions and obligations were satisfied by Iveniam, and (ii) a Security Agreement (the "**Security Agreement**") in favor of the Collateral Agents, for themselves and on behalf of the Pledgees, pursuant to which Inveniam granted the Collateral Agents, on behalf of the Pledgees, a security interest in, *inter alia*, all equity interests in the Debtor and in all assets of the Debtor.

3. Inveniam has defaulted under the Forbearance Agreement by failing to make payments when due under the Forbearance Agreement.

4. On July 26, 2026, the Debtor commenced a chapter 11 bankruptcy case (the "**Bankruptcy Case**") in the Bankruptcy Court for the Northern District of West Virginia.

5. By order dated September 18, 2026 [ECF No. 168], the Bankruptcy Court for the Northern District of West Virginia found that venue in the Northern District of West Virginia was improper and transferred the bankruptcy case to the Bankruptcy Court for the Northern District of Georgia.

6. On October 5, 2026, the Debtor filed the Sale Motion.

7. In the Sale Motion, the Debtor requests approval of bidding procedures and authorization of the sale or sales (the "**Sale Transaction**") of the (i) the intellectual property, brand, digital properties, commercial contracts, inbound licenses, cloud infrastructure, books and records, marketing assets, prepaid expenses, deposits, and advance payments, and goodwill related to the Debtor's division identified as Valdi.ai ("**Valdi**"); and (ii) the intellectual property, brands, digital properties, inbound licenses, cloud infrastructure, books and records, marketing assets, ancillary

rights, and goodwill related to the Debtor's division identified as Object Mount ( "**Object Mount**", and together with the Valdi, the "**Assets**").

8. The Debtor proposes the following sale process (the "**Sale Process**"):

<u>Sales Process</u>

- Create a standard bid and transaction structure package for potential buyers, including
  - Presentation featuring Valdi
  - Document listing out the assets for sale for Valdi
  - Presentation featuring Object Mount
  - Document listing out the assets for sale for Object Mount
  - Template for expected offer format (cash, terms, timing to close sale once Court approves sale)
- Advertise separately, sale of Valdi and Object Mount on Storj website;
- Send emails to all potential buyers who had previously showed interest in acquiring these assets from Storj Labs;
- Provide access to contract documents and due diligence via an online a data-room and track all those who gain access, after they sign a NDA;
- Schedule a 1.5-hour online call (one for Valdi and separately one for Object Mount) for potential, qualified bidders to join where the Debtor, including its key engineers, to go through the product and make a technical resource available to demonstrate the product.

The sale will be conducted by allowing bidders to submit bids until the close of business on November 15, 2026.

<u>Submission of Bids</u>

- Any potential bidders will be instructed to submit their bids in writing to the Debtor's accountant, Robert Nisztendirk, Woomer Nistendirk & Associates ("CPA") at the following: Woomer Nistendirk & Associates, Certified Public Accountants, Attention: Robert L. Nistendirk, CPA, 231 Capitol Street, Suite 400, Charleston, West Virginia 25301. Bids also can be submitted via e-mail to RNistendirk@wnacpasw.com. Those bids will remain sealed until after 4:00 pm est. on November 15, 2026. After the bid process is closed, the CPA will communicate the winning bidder.
- Net proceeds shall be held in escrow in the Debtor's counsel's IOLTA account pending further order of this Court.

Sale Motion, ¶ 11.

9. The Sale Motion also (i) proposes providing notice of the Sale Transaction by serving a notice (the "**Notice**") setting forth "(a) the proposed date, time, and place to submit a bid

to purchase the asset(s); (b) information about the Assets; and (c) the Objection Deadline for filing any objections to the relief requested in this Sale Motion" on all parties in interest pursuant to Bankruptcy Rule 2002(c) within three business days after entry of an order approving the Sale Process; and (ii) requests that the court set the deadline to object to the Sale Transaction for October 22, 2026 (the "**Notice Procedure**"). Sale Motion, ¶¶ 28-30.

## ARGUMENT

10. In considering whether to approve a sale pursuant to Section 363 of the Bankruptcy Code, courts consider "whether there was an improper motive or bad faith, the fairness of the price, and the adequacy of the procedures followed." *Epic Aviation, inc. v. Phillips (In re Phillips)*, No. 2:13-cv-113-FTM-29, 2013 U.S. Dist. LEXIS 65602, at *33 (Bankr. M.D. Fla. May 7, 2013) (citing *In re Gulf States Steel*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002) ("Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arm's length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest.")

11. The only marketing efforts proposed in the Sale Motion are (i) advertising the sale of the Assets on Storj's website and (ii) sending emails to potential buyers who previously showed interest in acquiring the Assets.

12. The Sale Motion does not provide that the Debtor shall hold a competitive, public auction of the Assets with a court reporter or videographer present.

13. The Sale Motion provides that bids will remain sealed until after 4:00 pm est. on November 15, 2026.

14. The Sale Motion does not include any protections to ensure that negotiations and bidding will occur at arm's length. Indeed, in the Debtor's *Motion to Authorize Post-Petition*

*Financing and Use of Cash Collateral* [ECF No. 14] being heard on a final basis contemporaneously this Sale Motion, the Debtors request approval a Debtor-in-Possession Credit Agreement [ECF No. 14-2] (the "**DIP Agreement**") which provides that the Debtor's parent and sole owner, Inveniam, may (i) "'credit bid' up to the full amount of all Obligations [including Inveniam's unsecured pre-petition claim] in order to purchase (either directly or through one or more acquisition vehicles) all or any portion of" the asset; and (ii) "assign its right to purchase all or any portion of Storj' assets in connection with any such 'credit bid' to a newly-formed acquisition vehicle that is an affiliate of [Inveniam]." DIP Agreement, ¶ 4(e).

15. It is unclear from the Sale Motion how the winning bidder will be selected, but the Sale Process appears to delegate the selection of the winning bidder to the Debtor's accountant, Robert Nistendirk of Woomer Nistendirk & Associates (the "**CPA**").

16. Selection of the highest and best offer requires a legal conclusion, not just a financial analysis; the CPA clearly can assess and advise the Debtor of the financial terms of the bids but is not qualified to determine the highest "and best" offer. That is the job of the Court.

17. The Sale Process does not provide for an auction or for a separate, later hearing for the Court to consider approval of the Sale Transaction after the selection of the winning bidder.

18. For the foregoing reasons, the proposed Sale Process is inadequate to ensure that the Assets are properly exposed to the market or to enable the Court to exercise sufficient judicial oversight over the Sale Process.

19. The Sale Motion proposes that the Debtor shall provide notice of the Sale Transaction three business days after the entry of an order granting Sale Motion, but proposes setting an objection deadline for the Sale Transaction for October 22, 2026, the same deadline the

Court has set to object to the Sale Motion [ECF No. 190] and before the Court even considers the Sale Motion.

20. As such, the proposed Notice Procedure effectively makes it impossible for parties in interest to object to the Sale Transaction after the CPA selects the winning bid.

21. Accordingly, the Notice Procedure is inadequate to give parties in interest notice and an opportunity to be heard on the Sale Transaction.

22. In addition, counsel for the Debtor recently advised counsel to the Collateral Agents that the Debtor's Vice President and Chief Restructuring Officer Dr. Sayed Shuja Ali ("**Dr. Ali**") recently started to draw a salary of $10,000 per month plus five percent (5%) of any sale proceeds without filing a motion seeking Court approval.

23. Dr. Ali is positioning himself as a creditor of the Debtor by arranging to receive a percentage of the proceeds of any sale of the Debtor's assets, in addition to his already substantial $10,000 monthly salary. This form of compensation, the amount of which remains unknown, is not a common form of compensation and clearly constitutes an arrangement for the use of estate funds outside the ordinary course of business.

24. To the extent that Dr. Ali would be paid five percent of sales proceeds of any sale of the Debtor's assets before the DIP loan is paid in full with interest as required in the orders approving the interim DIP loans, the Collateral Agents object.

## CONCLUSION

25. As currently formulated, the Sale Process and Notice Procedure are inadequate to ensure that the Assets are properly exposed to the market, to enable the Court to exercise adequate judicial oversight over the Sale Process, or to give parties in interest notice and an opportunity to be heard on the proposed Sale Transaction. At a minimum, the Court should require the Debtor to

(i) propose a marketing process to ensure that the Debtor's assets are properly exposed to the market; (ii) hold a competitive, public auction of the Assets with a court reporter or videographer present; (iii) not select Inveniam or an acquisition vehicle that is an affiliate of Inveniam (the "**Vehicle**") as the winning bidder unless the Court determines that Inveniam or the Vehicle's bid is the highest and best offer after a public, competitive auction following an adequate marketing process; (iv) not delegate the selection of the winning bidder to the CPA or anyone else; and (v) propose notice procedures that ensure that parties in interest have adequate notice and an opportunity to be heard following the Debtor's selection of the winning bidder.

26. Accordingly, the Court should deny the Sale Motion, or, if the Court grants the Sale Motion, it should require the Debtor to adopt the foregoing marketing, sale, and notice procedures and set a separate hearing to consider the Sale Transaction following the Debtor's selection of the winning bidder.

WHEREFORE, the Collateral Agents respectfully request that the Court deny the Sale Motion in its entirety; or, if the Court enters an order granting the Sale Motion in part, it set a separate hearing in such order to consider the Sale Transaction following the Debtor's selection of the winning bidder, and provide in such order that the Debtor shall (i) propose a marketing process to ensure that the Debtor's assets are properly exposed to the market; (ii) hold a competitive, public auction of the Assets with a court reporter or videographer present; (iii) not select Inveniam or the Vehicle as the winning bidder unless Inveniam or the Vehicle's bid is the highest and best offer at a public, competitive auction following an adequate marketing process; (iv) not delegate the selection of the winning bidder to the CPA or anyone else; and (v) propose notice procedures that ensure that parties in interest have adequate notice and an opportunity to be heard following the Debtor's selection of the winning bidder.

Respectfully submitted,

Dated: October 22, 2026

TUCKER ARENSBERG, P.C.

*/s/ Judith K. Fitzgerald*
Judith K. Fitzgerald, Esq. (PA ID No. 18110)
*Admitted pro hac vice*
Beverly Weiss Manne, Esq. (PA ID No. 34545)
*Admitted pro hac vice*
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
jfitzgerald@tuckerlaw.com
bmanne@tuckerlaw.com

\- and -

ARNALL GOLDEN GREGORY LLP
Darryl S. Laddin, Esq.
Georgia Bar No. 460793
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8120

*Counsel for Michael Ward and Robert Lamb, in their capacity as Collateral Agents for the Pledgees*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STORJ LABS, INC., | ) | Case No. 26-62642-PWB |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that that on October 22, 2026, a true and correct copy of the foregoing *Objection to Debtor's Expedited Motion for Entry of an Order (A) Establishing Bidding and Sale Procedures, (B) Scheduling Final Deadline to Submit Bids, and (C) Approving the Form and Manner of Notice Thereof* filed by Michael Ward and Robert Lamb, in their capacity as Collateral Agents for certain entities with liens on shares of the Debtor, was served on all parties requesting electronic notice via the Court's CM/ECF system.

*/s/ Judith K. Fitzgerald*
Judith K. Fitzgerald, Esq.