**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In RE:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 26-62642-PWB** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**DEBTOR'S MOTION TO ESTABLISH**
**COMPENSATION PROCEDURES FOR PROFESSIONALS**

COMES NOW Storj Labs Inc., (the "Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 case, and files this *Motion to Establish Compensation Procedures for Professionals* (the "Motion") for entry of an order establishing compensation procedures for professionals employed by the Debtor, respectfully showing the Court as follows:

**BACKGROUND**

1. On July 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Case in the United States Bankruptcy Court for the Northern District of West Virginia (the "Bankruptcy Case").

2. On September 18, 2026, an Order Transferring Case was entered, and the above-captioned case was transferred to the United States Bankruptcy Court for the Northern District of Georgia on September 21, 2026.

3. The Debtor is a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner or committee has been appointed in this case.

4. In furtherance of its duties as debtor in possession, the Debtor's retention of Spilman Thomas & Battle, PLLC as counsel to the debtor and debtor in possession. The Court has also approved, subject to a 21-day objection period, the retention of Lamberth, Cifelli, Ellis &

Nason, P.A as local counsel to the Debtor. It may become necessary during the course of the case for the Debtor to seek to retain additional professionals, such as accountants, appraisers, and consultants to assist in the performance of its duties as debtor in possession, to assist in formulation of a plan of reorganization, and to represent the Debtor before this Court in prosecution of its case.

**JURISDICTION**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

6. By this Motion, the Debtor seeks entry of an order substantially in the form set forth on Exhibit A attached hereto establishing procedures for the allowance and payment of compensation to professionals employed in the case by the Debtor or any statutory committee.

7. Pursuant to Bankruptcy Code § 331, professionals are limited to applying for interim compensation not more than once every 120 days after the Petition Date, unless the Court authorizes applications for interim compensation more frequently.

8. Allowing fees and expenses to accrue for four months and then requiring a lump sum payment places an enormous burden on the Debtor's cash flow. Furthermore, if professionals are not permitted to be paid except once every 120 days, they bear an inequitable risk and have a substantially lower incentive to perform work for the Debtor, thereby hindering the Debtor's ability to be successful in this Bankruptcy Case.

9. Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2016(b) authorizes supplemental payments and deposits to professionals following the filing of the

bankruptcy case, provided that each professional discloses such additional payments within fourteen (14) days after any payment or agreement not previously disclosed. .

10. As an inducement to encourage qualified professionals to agree to represent the Debtor in this case and to ameliorate the impact of large awards of professional fees upon Debtor's cash flow, the Debtor seeks permission to make payments toward awards of interim and final compensation with court-appointed professionals now or hereafter appointed in these cases, to allow professionals to apply such payments to charges for accrued services and expenses, and to consolidate the administrative approval of professional fees using the following procedures:

(a) All professionals employed in this case shall keep detailed records of all time and expenses expended in connection with the cases in accordance with Bankruptcy Code § 330.

(b) Commencing as of December 10, 2026 and on or after the tenth day each month thereafter, for all services performed prior to November 30, 2026 and as of the end of each monthly billing period thereafter, each professional shall submit a monthly statement (the "Monthly Statement") to the Debtor and shall provide copies thereof to the United States Trustee and such other parties as the Court may direct (the "Professional Fee Notice Parties").

(c) Each Monthly Statement shall include a list of individuals performing services with their respective titles and billing rate, the aggregate hours spent by each individual on work for the debtors in possession, contemporaneously maintained time records for each individual in increments of tenths of an hour, and a reasonably detailed breakdown of disbursements incurred.

(d) If a Professional Fee Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, it shall, within fourteen (14) days after service of the Monthly Statement, serve upon the professional whose statement is objected to and

the other Professional Fee Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue.

(e) After the expiration of the fourteenth (14) day period described above, the Debtor shall be authorized to pay 80% of the fees and expenses identified in each Monthly Statement to which no objection has been served.

(f) If any Professional Fee Notice Party files an objection in compliance with subparagraph 8(d) above, the Debtor shall withhold payment of that portion of the Monthly Statement to which the objection is directed and shall, after the expiration of the fourteenth (14) day period described above, and subject to paragraph 8(m) below, be authorized to promptly pay the remainder of the fees and expenses set forth in the Monthly Statement.

(g) If any objecting party resolves a dispute with a professional, the objecting party (or the Debtor, with the consent of the objecting party) shall serve written notice on the Professional Fee Notice Parties that the objection is withdrawn and shall describe the terms of the resolution. Subject to paragraph 8(m) below, the Debtor is authorized to pay that portion of the Monthly Statement at issue that is no longer subject to an objection.

(h) Any objection that is not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing.

(i) The service or lack of an objection in accordance with paragraph 8(d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court.

(j) Each professional should serve and file with the Court an application for interim or final approval and allowance of compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016, including compensation previously paid by the Debtors on the basis of a Monthly Statement, every one hundred and twenty (120) days unless the Court orders a different frequency, with the first such application being filed on January 31, 2027.

(k) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation or reimbursement of expenses of any professional. All fees and expenses of each professional, whether or not paid or objected to in connection with a Monthly Statement, remain subject to review and approval by the Court in connection with interim and final fee applications.

(l) Interim payments received in accordance with the procedures outlined above shall be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not approved by the Court.

**BASIS FOR RELIEF**

11. Section 331 of the Bankruptcy Code provides that "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of [the Bankruptcy Code] may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of the Bankruptcy Code."

12. Bankruptcy courts have been authorizing shortened payment terms for

Debtor's professionals since very shortly after passage of the Bankruptcy Code. *See, e.g., In re International Horizons, Inc.*, 10 B.R. 895 (Bankr. N.D. Ga. 1981). The practice has become sufficiently common that many courts have adopted standard procedures for the award of fees on a monthly basis, subject to the filing of interim and final applications for fees with the court every 120 days. *See, e.g.*, General Order 26-2019, Bankr. N.D. Ga.; Bankruptcy Local Rule 2016-1(c), Bankr. S.D.N.Y.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper. A proposed Order for the Court's consideration is attached hereto as Exhibit A.

Dated: November 6, 2026

Respectfully Submitted

*/s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
Lamberth, Cifelli, Ellis & Nason, P.A.
6000 Lake Forrest Drive, N.W., Ste. 290
Atlanta, GA 30328
(404) 262-7373 *(Phone)*
gellis@lcenlaw.com

and

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192)
Admitted *pro hac vice*
Spilman Thomas & Battle, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 720-4090 *(Phone)*
carthur@spilmanlaw.com

***Counsel for Storj Labs Inc., Debtor-in possession***

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In RE:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 26-62642-PWB** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on November 6, 2026, caused a copy of the **Debtor's Motion to Establish Compensation Procedures for Professionals** to be served via electronic mail on the following parties set forth below at the addresses shown:

jfitzgerald_tuckerlaw.com <jfitzgerald@tuckerlaw.com>;
Beth Harrill <Beth_Harrill@ganb.uscourts.gov>;
Martin Sheehan <Martin@Msheehanlaw.net>;
Bruce M. Jacobs <BJacobs@spilmanlaw.com>;
selliott@lewisgianola.com <selliott@lewisgianola.com>;
bmanne_tuckerlaw.com <BMANNE@TUCKERLAW.COM>;
McCartney, Lauren <lmccartney@tuckerlaw.com>;
mthomas_tuckerlaw.com <mthomas@tuckerlaw.com>;
rfranks@cdkrlaw.com <rfranks@cdkrlaw.com>;
kpallen@duanemorris.com<kpallen@duanemorris.com>
Alan Hinderleider <alan.hinderleider@usdoj.gov>;
darryl.laddin_agg.com <Darryl.Laddin@AGG.com>;
Ellis, Andrew H. <andrew.ellis@agg.com>;
Sheehan Paralegal <paralegal@Msheehanlaw.net>;
Gregory Ellis <gellis@lcenlaw.com>

I further certify that on this day I caused a copy of the above referenced document to be served via United States First Class Mail, with adequate postage prepaid, on the following parties set forth below:

Kevin P Allen
Duane Morris LLP
625 Liberty Avenue Suite 1000
Pittsburgh, PA 15222-3112

George A. R. Balchunas
1500 One PPG Place
Pittsburgh, PA 15222

James H. Billingsley
Duane Morris LLP
200 Crescent Court, Suite 900 Dallas,
TX 75201

Mark Harvilla
142 S El Molino Ave., Apt 2
Pasadena, CA 91101

Steven D. Haupt
7127 Warner Rd.
Saline, MI 48176

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Nikhil Jaion
3016 E. Colorado Blvd. #5216
Pasadena, CA 91107

Jennifer Johnson
146 Osner Dr.
Atlanta, GA 30342

Helen Emmi Karin
5052 N Sandres Rd
Tucson, AZ 85743

Darrly S. Laddin, Esquire
Arnall Golden Gregory LLP
17117th Street NW
Suite 2100
Atlanta, Georgia 30363

Bryan Mangelson
1133 N 1190 E
American Fork, UT 84003 18

Dominick Marino
15941 E. Sunflower DR.

Fountain Hills, AZ 85268

Lauren Hutchins McCartney
Tucker Arensberg, P.C.
United Center 500 Virginia Street East Ste 1050
Charleston, WV 25301

Damein Morgan
2896 E Christopher Dr
Fresno, CA 93720

Goran Mrkonjic
Bukereska 14
1100 Beograd
Serbia

Robert L Nistendirk
Woomer, Nistendirk & Associates, PLLC
231 Capitol Street Ste 400
Charleston, WV 25301

Kimberly Pashel
746 Hillmont Ave.
Decatur, GA 30030

David R. Pogue
Carey Douglas Kessler & Ruby PLLC
707 Virginia Street East, Suite 901
Charleston, WV 25301

Christopher Rocco
610 N. Wagner Rd
Ann Arbor, MI 48103

Martin P. Sheehan
Sheehan & Associates, P.L.L.C. 19
1140 Main St., Ste 333 Wheeling, WV 26003

Donald Shott, Jr.
2568 S Park St.
Salt Lake City, Utah 84106

Andrea Steinke
3063 Quartz Hill Rd
Redding, CA 967003

Maribeth Thomas
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222

Matthew Vicari
125 Ocean Pkwy
Apt 3F
Brooklyn, NY 11218

Jeremy Wharton
2767 Woodspring Forest Drive
Kingwood, TX 77345

Trisha Winter
35915 Fredericksburg Rd.
Farmington Hills, MI 48331

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192)
Admitted *Pro Hac Vice*