**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 26-62642-PWB** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**ORDER ESTABLISHING COMPENSATION PROCEDURES FOR PROFESSIONALS**

Storj Labs Inc., Chapter 11 debtor and debtor-in-possession in the above-captioned case (the "**Debtor**") filed on November 6, 2026, its *Motion to Establish Compensation Procedures for Professionals* (Dkt. 203) (the "Motion") for authorization to establish compensation procedures for professionals. The Notice set the hearing on the Motion for December 3, 2026, at 11:00 a.m. (the "Hearing").

No objections to the Motion were filed prior to or asserted at the Hearing. This Court having considered the Motion and all other matters of record, including the lack of objection thereto and finds that such compensation procedures would aid in the efficient administration of

the bankruptcy estate, aid the stabilization of Debtor's cash flow, and be consistent with the interests of Debtor, creditors and the estate,

Accordingly, it is hereby

**ORDERED** as follows:

(1) All professionals employed in this case, whether upon a time basis, a deposit basis, or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with the case in accordance with Section 330 of the Bankruptcy Code and the fee application guidelines published by the United States Trustee, including the requirement of itemizing professional time charges following a project billing format.

(2) For all services performed after July 26, 2026 (the petition date), each professional seeking compensation may submit to Debtor's counsel, Christopher R. Arthur, Spilman Thomas & Battle PLLC (applicant) (submission by email is sufficient), no more frequently than monthly, invoices for interim compensation and shall provide copies thereof to the United States Trustee, counsel for any creditor holding or asserting a claim secured by "cash collateral," and such other parties as the Court may direct.

(3) The parties receiving such fee invoices shall have fourteen (14) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for Debtor and the United States Trustee and on specific written objections to payment of any of the time or expenses itemized. Such written objections shall specifically identify the time or expense objected to and shall state the reason(s) for such objection. Objections may be served by e-mail or by regular mail, but if served by regular mail, such objection must be received within fourteen (14) days from the date of service of the fee invoices.

(4) If no such written objection to the fee invoice is received within fourteen (14) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of **Exhibit A** attached hereto) and the fees shall then be paid by Debtor, subject to the terms of this Order. If a specific written objection to the invoice is timely filed, then, after the expiration of the fourteen (14) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be paid by Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn. Payment of fees and expenses provided for hereunder shall be paid from any pre-petition or post-petition deposits from the Debtor held by the professional, provided that all payments authorized hereunder shall first be paid from the pre-petition deposits until such pre-petition deposits are consumed. Payment of fees and expenses under this Order may not be made from "cash collateral" (as defined in 11 U.S.C. § 363) unless a separate order authorizing the payment of such fees and expenses from

"cash collateral" has been entered by the Court after proper notice and hearing under 11 U.S.C. § 363.

(5) Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fourteen (14) days after the date of each deposit to such professional.

(6) Commencing as of July 26, 2026, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional shall submit to (the applicant) applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. If a professional fails to timely submit such an application for interim compensation, then such professional shall not be entitled to receive additional compensation in accordance with the procedures set out in this Order until such application for interim compensation is filed with the Court. Within fourteen (14) days from the date of the receipt of all such applications, Spilman Thomas & Battle PLLC shall file the original of all such applications, including its own, with the Clerk of Bankruptcy Court, and shall prepare a consolidated notice of all requests for compensation ("Notice of Compensation") and shall serve a copy of such applications and the Notice of Compensation, in accordance with Bankruptcy Rule 2002(a)(6), upon (i) the United States Trustee; (ii) the twenty (20) largest creditors filed with the Court in the cases pursuant to Bankruptcy Rule 1007(d); (iii) counsel for any creditor holding a claim secured by "cash collateral"; and (iv) [the Subchapter V Trustee]. Additionally, the Notice of Compensation shall be served in accordance with Bankruptcy Rule 2002(a) upon all creditors and other parties-in-interest who appear on the mailing matrix.

(7) All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time on no less than twenty-one (21) days' notice, provided that hearings upon any late-filed applications for interim compensation may be scheduled separately. Objections by any party-in-interest to any requested compensation shall be filed and served in accordance with the local rules of this Court on the professional whose compensation is objected to, on (the applicant), on the United States Trustee, on counsel for any creditor holding a claim secured by "cash collateral"; so as to be received no later than five (5) days prior to the date scheduled for any such hearing.

(8) All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code; nothing provided in this Order requires a party-in-interest to file an objection to a monthly fee statement, with all objections being reserved for interim and final applications for compensation in accordance with the Code.

(9) In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(10) Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized as such deposits or payments are received, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.

**IT IS FURTHER ORDERED** that Debtor is directed, within three (3) business days of the entry of this Order, to serve a copy of this Order upon the creditors and parties-in-interest in this case.

**Prepared and presented by:**

SPILMAN THOMAS & BATTLE PLLC
*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192) (*Admitted pro hac vice*)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301
(304) 720-4090 *(Phone)*
carthur@spilmanlaw.com
-and-
LAMBERTH, CIFELLI, ELLIS & NASON, P.A.
*Local Counsel for Storj Labs, Inc.*
By: */s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
6000 Lake Forrest Drive, N.W., Ste. 290
Atlanta, GA 30328
gellis@lcenlaw.com
(404) 262-7373
***Counsel for Storj, Debtor-in possession***

# Exhibit A

## Form Certificate of No Objection

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 26-62642-PWB** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| ______________________________ | ) | |

**CERTIFICATE OF NO OBJECTION**

COMES NOW, (x) ("Applicant"), counsel for (x) in the above-referenced Bankruptcy Case, and files this Certificate of No Objection, and shows the Court the following:

1.

In accordance with the Order of this Court Establishing Compensation Procedures For Professionals entered ___________________, 2026 (the "Compensation Procedure Order"), Applicant caused to be served a monthly invoice (the "Monthly Fee Statement") on (date) for the period of time beginning (date) and ending (date).

2.

Applicant's Monthly Fee Statement was served upon the proper parties per the Compensation Procedures Order.

3.

As set forth in the Compensation Procedures Order, each party receiving a copy of the Monthly Fee Statement had fourteen (14) days after service of the Monthly Fee Statement serve a written objection to payment of any of the time charges or expenses itemized in such Monthly Fee Statement. The deadline for objections was (date). Applicant has not received any objections to the Monthly Fee Statement and the records of the Court indicate that the Court has received no

objection. [Alternatively, include information about any objections raised to the Monthly Fee Statement.]

4.

Applicant hereby certifies that, to the best of Applicant's knowledge and belief,

a. the Debtor has filed all monthly operating reports then due or otherwise filed all monthly operating reports owing as of the date of this Certification;

b. the United States Trustee has not advised the Debtor of any deficiencies with respect to any filed monthly operating reports or, if deficiencies have been noted, the Debtor has corrected any such deficiencies;

c. the Debtor has reviewed the invoice with his attorneys and has advised Applicant that he believes that the requested fees and expenses are reasonable and appropriate.

5.

In accordance with the Compensation Procedures Order, the Debtor is authorized to pay the fees ($__________) and expenses ($____________) submitted by Applicant in its Monthly Fee Statement, which fees and expenses total $___________, as no objections have been filed within the time permitted by the Compensation Procedures Order. [Alternatively, describe the amount of fees and expenses requested in the Monthly Fee Statement that were not objected to.]

This _____ day of _____________, 2026.

SPILMAN THOMAS & BATTLE PLLC

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192)
*Admitted pro hac vice*
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Blvd. E.
Charleston, WV 25301

(304) 720-4090 *(Phone)*
carthur@spilmanlaw.com

-and-

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Local Counsel for Storj Labs, Inc.*

By: */s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
6000 Lake Forrest Drive, N.W., Ste. 290
Atlanta, GA 30328
gellis@lcenlaw.com
(404) 262-7373
***Counsel for Storj, Debtor-in possession***

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **In RE:** | ) | |
| | ) | |
| **STORJ LABS INC.,** | ) | **Case No. 26-62642-PWB** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on November 6, 2026, caused a copy of the *Order Establishing Compensation Procedures For Professionals* to be served via electronic mail on the following parties set forth below at the addresses shown:

jfitzgerald_tuckerlaw.com <jfitzgerald@tuckerlaw.com>;
Beth Harrill <Beth_Harrill@ganb.uscourts.gov>;
Martin Sheehan <Martin@Msheehanlaw.net>;
Bruce M. Jacobs <BJacobs@spilmanlaw.com>;
selliott@lewisgianola.com <selliott@lewisgianola.com>;
bmanne_tuckerlaw.com <BMANNE@TUCKERLAW.COM>;
McCartney, Lauren <lmccartney@tuckerlaw.com>;
mthomas_tuckerlaw.com <mthomas@tuckerlaw.com>;
rfranks@cdkrlaw.com <rfranks@cdkrlaw.com>;
kpallen@duanemorris.com<kpallen@duanemorris.com
Alan Hinderleider <alan.hinderleider@usdoj.gov>;
darryl.laddin_agg.com <Darryl.Laddin@AGG.com>;
Ellis, Andrew H. <andrew.ellis@agg.com>;
Sheehan Paralegal <paralegal@Msheehanlaw.net>;
Gregory Ellis <gellis@lcenlaw.com>

I further certify that on this day I caused a copy of a copy of the *Order Establishing Compensation Procedures For Professionals* to be served via United States First Class Mail, with adequate postage prepaid, on the following parties set forth below:

Kevin P Allen
Duane Morris LLP
625 Liberty Avenue Suite 1000
Pittsburgh, PA 15222-3112

George A. R. Balchunas
1500 One PPG Place
Pittsburgh, PA 15222

James H. Billingsley
Duane Morris LLP
200 Crescent Court, Suite 900 Dallas,
TX 75201

Mark Harvilla
142 S El Molino Ave., Apt 2
Pasadena, CA 91101

Steven D. Haupt
7127 Warner Rd.
Saline, MI 48176

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Nikhil Jaion
3016 E. Colorado Blvd. #5216
Pasadena, CA 91107

Jennifer Johnson
146 Osner Dr.
Atlanta, GA 30342

Helen Emmi Karin
5052 N Sandres Rd
Tucson, AZ 85743

Darrly S. Laddin, Esquire
Arnall Golden Gregory LLP
17117th Street NW
Suite 2100
Atlanta, Georgia 30363

Bryan Mangelson
1133 N 1190 E
American Fork, UT 84003 18

Dominick Marino
15941 E. Sunflower DR.
Fountain Hills, AZ 85268

Lauren Hutchins McCartney
Tucker Arensberg, P.C.
United Center 500 Virginia Street East Ste 1050
Charleston, WV 25301

Damein Morgan
2896 E Christopher Dr
Fresno, CA 93720

Goran Mrkonjic
Bukereska 14
1100 Beograd
Serbia

Robert L Nistendirk
Woomer, Nistendirk & Associates, PLLC
231 Capitol Street Ste 400
Charleston, WV 25301

Kimberly Pashel
746 Hillmont Ave.
Decatur, GA 30030

David R. Pogue
Carey Douglas Kessler & Ruby PLLC
707 Virginia Street East, Suite 901
Charleston, WV 25301

Christopher Rocco
610 N. Wagner Rd
Ann Arbor, MI 48103

Martin P. Sheehan
Sheehan & Associates, P.L.L.C. 19
1140 Main St., Ste 333 Wheeling, WV 26003

Donald Shott, Jr.
2568 S Park St.
Salt Lake City, Utah 84106

Andrea Steinke
3063 Quartz Hill Rd
Redding, CA 967003

Maribeth Thomas
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222

Matthew Vicari
125 Ocean Pkwy
Apt 3F
Brooklyn, NY 11218

Jeremy Wharton
2767 Woodspring Forest Drive
Kingwood, TX 77345

Trisha Winter
35915 Fredericksburg Rd.
Farmington Hills, MI 48331

*/s/ Christopher R. Arthur*
Christopher R. Arthur (WVSB #9192)
Admitted *Pro Hac Vice*